**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PALMER,<br><br>          Plaintiff,<br>     v.<br><br>WELLS FARGO BANK NA; NDEX WEST LLC; and DOES 1–50,<br><br>          Defendants. | Case No. 5:13-cv-00374-ODW (DTB)<br><br>**ORDER GRANTING MOTION TO DISMISS [8] AND DENYING MOTION TO STRIKE AS MOOT [9]** |

On March 7, 2013, Defendant Wells Fargo Bank moved to dismiss, or alternatively to strike portions of, Plaintiff Melvin Palmer's Complaint. (ECF Nos. 8, 9.) Because Palmer failed to timely oppose Wells Fargo's motions, and for the reasons discussed in Defendant's papers, the Court **GRANTS** Wells Fargo's motion to dismiss with leave to amend and **DENIES** Wells Fargo's motion to strike as moot.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. L.R. 7-9. Additionally, Local Rule 7-12 provides that the failure to file a timely opposition to a motion "may be deemed consent to the granting or denial of the motion." L.R. 7-12.

/ / /

/ / /

1  Wells Fargo noticed both of its motions for hearing on April 8, 2013. Palmer's
2  opposition was therefore due by March 18. Yet as of the date of this Order, Palmer
3  has not filed an opposition, nor any other filing that could be construed as a request
4  for a continuance. The Court therefore deems Palmer's failure to oppose as consent to
5  the granting of Wells Fargo's motions. The April 8, 2012 hearing on this matter is
6  **VACATED**, and no appearances are necessary.

7  The Court also notes that Defendant NDeX West LLC has not joined in Wells
8  Fargo's motions (and possibly has yet to be served). Palmer's Complaint is
9  nevertheless **DISMISSED** against NDeX as well, as NDeX is in a position similar to
10 Wells Fargo insofar as Palmer alleges all of his claims "Against All Defendants."
11 *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District
12 Court may properly on its own motion dismiss an action as to the defendants who
13 have not moved to dismiss where such defendants are in a position similar to that of
14 moving defendants or where claims against such defendants are integrally related.").

15 Palmer may file an amended complaint within 21 days from the date of this
16 Order (April 12, 2013). Should he fail to file an amended complaint by April 12, the
17 Court will dismiss all of Palmer's claims against Wells Fargo's with prejudice. If
18 Palmer does choose to amend, he must address *all* of those shortcomings in his
19 pleadings identified in Defendant's motion by pleading—in good faith and in
20 compliance with Federal Rule of Civil Procedure 11—additional *facts* supporting his
21 claims. If Palmer cannot allege new facts in good faith to support one or more of his
22 claims, Rule 11 dictates that he must discard such claims. Palmer is warned that a
23 failure to comply with Rule 11 will result in sanctions under Rule 11(b).

24 Palmer should also omit the lengthy quotations to California law that pepper his
25 Complaint, as block quotations to statutory law are unnecessary to state a claim under
26 Federal Rule of Civil Procedure 8. Rule 8 requires the factual allegations in a
27 pleading to "be enough to raise a right to relief above the speculative level." *Bell Atl.*
28 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary

so long as the pleading gives the defendant fair notice of the claim and the grounds upon which the claim rests, the pleading must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Further, the Court should be able to read and understand the pleading within minutes.  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  While the Supreme Court has held that courts must give pro se plaintiffs some leniency in terms of procedure, the Complaint must still be adequately pleaded.  *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

Pleadings aside, the Court also notes Wells Fargo's assertion that it attempted to meet and confer telephonically with Palmer regarding the substance of its motions on February 27 and 28, 2013, but that Palmer failed to return Wells Fargo's calls.  (Notice of Mot. 4.)  Palmer is advised that his participation and cooperation in his own lawsuit is a necessary precondition to maintenance of the action in this Court.  This includes timely responding to opposing counsel's phone calls.  Palmer's further failure to participate in this matter may result in sanctions, including dismissal of this case for lack of prosecution.

Finally, Palmer is advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012.  The clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m.  The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions.  For more information, Palmer may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic – Los

/ / /
/ / /
/ / /
/ / /
/ / /

Angeles" or contact Public Counsel at 213-385-2977, extension 270. Palmer is encouraged to visit the clinic prior to filing an amended complaint for advice concerning his case.

**IT IS SO ORDERED.**

March 22, 2013

_____
**HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE**